UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **LOUIS ALONZO OLIVAREZ,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | **CIVIL ACTION V-04-67** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Louis Alonzo Olivarez ("Olivarez"), an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1). Respondent has filed a Motion for Summary Judgment (Dkt. No. 69) to which Olivarez has responded (Dkt. No. 70).[1] After considering the parties' arguments and the applicable law, the Court is of the opinion that Respondent's motion should be granted and that Olivarez's petition should be denied.

### I. Factual Background

Olivarez is incarcerated pursuant to a judgment of the 25th District Court No. 2 of Lavaca County, Texas, in cause number 02-01-8553-CR, styled *The State of Texas v. Louis Alonzo Olivarez*. *Ex Parte Olivarez*, Application No. 57,567-01 at 194-95. The State charged Olivarez with the felony offenses of burglary of a habitation and aggravated assault. *Id.* at 44-45. In return for the State's recommendation of a thirty-five year sentence, silence on probation and deferred adjudication and a dismissal of the aggravated assault count of the indictment, Olivarez pleaded

---

[1] Olivarez's response directs the Court to several earlier filings in this matter, including Olivarez's initial habeas petition (Dkt. No. 1), his response to Respondent's initial Motion for Summary Judgment (Dkt. No. 12) and two supplements to his response to Respondent's initial Motion for Summary Judgment (Dkts. No. 29 & 36).

guilty to the charge of burglary of a habitation. *Id.* at 142-44, 194-95. The trial court accepted the plea agreement and sentenced Olivarez to thirty-five years incarceration in the TDCJ-CID. *Id.*

Olivarez failed to appeal his judgment or sentence. Olivarez filed an application for a state writ of habeas corpus on October 13, 2003, which the Texas Court of Criminal Appeals denied without written order on May 26, 2004. *Ex Parte Olivarez*, Application No. 57,567-01 at cover, 3. Approximately one month later, on June 23, 2004, Olivarez filed the present federal habeas petition. Dkt. No. 1 at 9; *see Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (for the purposes of determining the applicability of the AEDPA, a federal habeas petition is considered filed the date it is placed in the prison mail system).

Subsequent to Olivarez's filing of his federal habeas petition, on July 9, 2004, the Texas Court of Criminal Appeals received a supplement to Olivarez's application for a state writ of habeas corpus which primarily consisted of a motion for rehearing. *Ex Parte Olivarez*, Application No. 57,567-01(2), CCA Scanning Cover Sheet.[2] This motion asked that the Court of Criminal Appeals grant Olivarez a rehearing based on newly discovered evidence that he had been sentenced illegally. *Id.* at Motion for Rehearing. On August 17, 2004, the Court of Criminal appeals declined to entertain Olivarez's supplemental motion. *Id.* at Letter from Court of Criminal Appeals to Olivarez (Aug. 17, 2004). The Court cited Texas Rule of Appellate Procedure 79.2(d) in support of its refusal to file Olivarez's motion for rehearing. *Id.*; *see also* TEX. R. APP. P. 79.2(d) ("A motion for rehearing an order that denies habeas corpus relief under Code of Criminal Procedure, articles 11.07

---

[2] The relevant state court records are divided into two separate bindings. The first binding, referred to as *Ex Parte Olivarez*, Application No. 57,567-01, contains all records pertaining to Olivarez's initial application for state writ of habeas corpus. The second binding, referred to as *Ex Parte Olivarez*, Application No. 57,567-01(2), contains all records relating to Olivarez's attempt to supplement and/or obtain a rehearing regarding his state habeas petition. The records pertaining to Olivarez's supplemental filings are unnumbered and citations to this portion of the record refers to the name of the relevant document.

or 11.071, may not be filed.").

## II. Claims and Allegations

The Court understands Olivarez to challenge his confinement on the following grounds:

(1) Olivarez's plea of guilty was not entered knowingly, voluntarily and intelligently;

(2) Olivarez's trial attorney rendered ineffective assistance of counsel;

(3) the State failed to disclose evidence favorable to Olivarez's criminal case;

(4) the State's witnesses committed perjury; and

(5) Olivarez's sentence was illegal.

The Court will consider the appropriateness of summary judgment as to each of Olivarez's allegations.

## III. Legal Standards

**A.     Summary Judgment**

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999).  In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[3]  The

---

[3] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004).  Therefore, 28 U.S.C. § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.*  Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).

**B.    28 U.S.C. § 2254**

This petition is governed by applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The intent of the AEDPA is to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under the law, *Bell v. Cone*, 535 U.S. 685, 692 (2002), by limiting the scope of collateral review and raising the standard for federal habeas relief. *Robertson v. Cain*, 324 F.3d 297, 306 (5th Cir. 2003).

Under the AEDPA, federal relief cannot be granted on claims adjudicated on the merits in state court unless the state adjudication was (1) contrary to clearly established federal law as

determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 404 (2000) (citing 28 U.S.C. §§ 2254(d)(1) and (2)). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Court's precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 406-13. In deciding whether a state court's application was unreasonable, this court considers whether the application was objectively unreasonable. *Id.* at 409

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 399 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El*, 537 U.S. at 330.

These standards will be applied to the pending summary judgment motion.

### IV. Analysis

**A.     Voluntariness of the Plea Agreement**

First, Olivarez contends that his guilty plea was not entered into knowingly, voluntarily or

intelligently. Respondent correctly notes that review of Olivarez's claim is constrained by his guilty plea, which is presumptively valid. As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Likewise, "a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). The validity of a guilty plea may be challenged only on the grounds that it was made on the constitutionally defective advice of counsel or that the defendant could not have understood the terms of the bargain he agreed to. *See id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

"A federal court will uphold a guilty plea challenged in a habeas proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A guilty plea is considered knowing and voluntary so long as a defendant knows "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (citing *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990)). As long as Olivarez "understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982).

Olivarez challenges the voluntariness of his guilty plea on the grounds that (a) he was emotionally and/or mentally in distress at the time he signed the plea agreement, (b) his attorney advised him that a jury would convict him of the underlying offenses, (c) his counsel advised him that he would "go home" if he signed the plea agreement and (d) his attorney advised him he would receive probation once he signed the plea agreement. Dkt. No. 1 at 24-25.

In the present case, the presumptively correct state court records reveal that Olivarez

6

acknowledged (a) his understanding of the nature of the charges against him, (b) the terms of the plea agreement (including punishment that could range from 5 to 99 years to life), (c) that whether he received probation was entirely within the purview of the trial court, (d) that his plea was "uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon," and (e) that he otherwise fully comprehended and agreed to the proceedings concerning his guilty plea. *Ex parte Olivarez*, Application No. 57,567-01 at 142-44, 194-95. The record, in other words, shows that Olivarez was advised of the charges against him, as well as the consequences of his plea, that he was competent and that his decision to plead guilty was voluntary and informed. Moreover, the trial court found as such upon accepting the plea. *Id.* at 194-95.

The Supreme Court has recognized that the various advantages of the plea bargaining system "can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Thus, "the representations of the defendant, his lawyer, and the prosecutor at [the original plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 74. Olivarez's allegations in his federal habeas petition are conclusory and do not overcome this barrier.

Olivarez's challenge to his guilty plea on grounds (a) through (d) above are not supported by the record. Olivarez points to nothing in the record to indicate that his decision to plead guilty was involuntary or unknowing. Moreover, given the conclusory nature of Olivarez's complaints, the state habeas court possessed a reasonable basis on which to deny relief. *See, e.g.*, *Ross v. Estelle*, 694 F.2d 1008, 1011 & n.2 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative

7

evidentiary value."). Olivarez's guilty plea was therefore entered knowingly and voluntarily as a matter of law.

In sum, Olivarez has not shown that his guilty plea was involuntary or unknowingly made. For reasons addressed further below, Olivarez fails to show that his guilty plea was invalid or coerced as the result of ineffective assistance of counsel or prosecutorial misconduct. It follows that Olivarez has not shown that the state court's decision to reject his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Accordingly, Olivarez is not entitled to a federal writ of habeas corpus on this issue and summary judgment is appropriate as to his arguments concerning the voluntariness of his guilty plea.

**B.     Ineffective Assistance of Counsel**

Olivarez next claims that his trial attorney rendered ineffective assistance of counsel and that such ineffective assistance undermined the voluntariness of his guilty plea.

**1.     Ineffective Assistance Standard of Review**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims. To succeed on an ineffective assistance claim a petitioner must make two showings. First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Then he must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Court elaborated on this standard in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that, "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him," even if the outcome of the trial might have been

different but for counsel's errors. *Id.* at 372. The *Strickland* test is equally applicable in the context of plea agreements. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). However, in the plea bargain context the second prong of the *Strickland* test is addressed to whether or not a defendant would have proceeded to trial instead of accepting the plea. *Id.* at 59.

Because conducting a trial is an art, not a science, the courts indulge a heavy presumption "that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. In addition, reviewing courts must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In noncapital cases this standard requires a habeas petitioner to make a showing of "significant prejudice." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (quoting *Spriggs v. Collins*, 993 F.2d 85, 88, n.4 (5th Cir. 1993)).

### 2. Application of the Standard

Olivarez claims that his guilty plea was invalid because of his attorney's ineffective assistance. Olivarez contends that his attorney rendered ineffective assistance because counsel (a) did not provide adequate consultation regarding the charges and plea bargain, (b) was not prepared for trial and thus improperly advised Olivarez to sign the plea agreement, (c) failed to provide Olivarez and his family members with information related to his criminal proceedings, (d) did not interview character witnesses, ensure that a psychiatrist spent sufficient time evaluating Olivarez, consult with a psychiatrist and psychologist, obtain records related to an assault on Olivarez or otherwise properly investigate the circumstances underlying the charges against Olivarez and his possible defenses, (e) advised Olivarez that the jury could not sentence him, (f) informed Olivarez that he would receive probation by agreeing to the plea bargain, (g) advised Olivarez that a jury would convict him, (h)

informed Olivarez that he would face a ninety-nine year sentence if he refused to accept the plea bargain, (i) informed Olivarez he would be ineligible for probation if he proceeded to a jury trial, (j) allowed co-counsel to leave during Olivarez's sentencing hearing, (k) admonished Olivarez not to speak during the questioning of adverse witnesses and (l) did not request a change of venue. Dkt. No. 1 at 20-26. To broadly summarize Olivarez's claims, Olivarez alleges that trial counsel (a) failed to investigate the circumstances surrounding the underlying criminal act and potential defenses then available to him and (b) did not appropriately counsel him regarding his plea of guilty. In other words, Olivarez brings challenges to his counsel's performance both based on attorney errors related and unrelated to the voluntariness of his plea.

Concerning the alleged attorney errors unrelated to the voluntariness of Olivarez's plea, because the Court has concluded that his plea was entered into knowingly and voluntarily as a matter of law, it also must conclude that Olivarez has waived all complaints regarding such errors. *See Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987) ("having entered a guilty plea, [a habeas petitioner's] sixth amendment challenge is limited to the issues of the voluntariness and his understanding of the nature of the charges brought against him and the consequences of his plea"; *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (guilty pleas waive all claims concerning attorney error unrelated to the guilty plea itself, including petitioner's claims his attorney failed to investigate). Therefore, Olivarez's challenges to his counsel's performance not directly related to the voluntariness of his plea are without merit and no federal writ of habeas corpus should issue on such grounds.

The remainder of Olivarez's complaints concerning his attorney's alleged deficient performance which, Olivarez claims, undermines the voluntariness of his plea, are similarly of no avail. Where, as here, the highest court of the state has reviewed and denied Olivarez's allegations,

this Court will only grant federal habeas relief if it can be shown that the adjudication of those allegations was (1) contrary to clearly established federal law as determined by the Supreme Court, or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 404 (2000) (citing 28 U.S.C. §§ 2254(d)(1) and (2)). Because state habeas relief was denied without opinion, the Court "assumes that the state court applied the proper 'clearly established Federal law'. . . ." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). In the context of an ineffective assistance of counsel claim, that clearly established law is the analysis set forth in *Strickland*. Therefore, the Court will assume that the Texas court applied the *Strickland* analysis and found either that Olivarez's counsel was not deficient or that Olivarez was not prejudiced by his counsel's performance. Olivarez has presented no evidence in his petition that could lead the Court to conclude that the state court unreasonably applied the standards set forth in *Strickland* or unreasonably interpreted the facts set forth in the application for state writ. Therefore, the Court finds that Olivarez has failed to meet his burden of proof and summary judgment is warranted as to his ineffective assistance of counsel claim.

## C.     Prosecutorial Misconduct-Suppression of Favorable Evidence

Third, Olivarez maintains that the State failed to disclose evidence favorable to his criminal case. Olivarez claims the government did not disclose records from the Colorado County Sheriff's Office which would have presumably established Olivarez's good behavior during his stay there. The government's suppression of favorable evidence that is material to guilt or innocence violates a defendant's right to due process under *Brady v. Maryland*, 373 U.S. 83, 87(1963). The government's duty to disclose extends to both impeachment and exculpatory evidence. *See United States v. Bagley*, 473 U.S. 667, 676 (1985). To establish a *Brady* violation, a defendant must prove that: (1) the

11

prosecution suppressed evidence; (2) the evidence was favorable to the defendant because it was either exculpatory or impeaching; and (3) the evidence was material. *See United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (citations omitted). Evidence is material under *Brady* when there is a "reasonable probability" that the outcome of the trial would have been different if the suppressed evidence would have been disclosed to the defendant. *See United States v. Moore*, 452 F.3d 382, 387-88 (5th Cir. 2006). A "reasonable probability" in this context is "a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682.

Respondent correctly notes that a prosecutor's alleged failure to disclose favorable materials before a guilty plea is entered does not state a claim on federal habeas corpus review. *See Orman v. Cain*, 228 F.3d 616, 620-21 (5th Cir. 2000) (failure to disclose potentially exculpatory information to a criminal defendant prior to entry of a guilty plea does not violate *Brady*); *Matthew v. Johnson*, 201 F.3d 353, 360-62, 364 (5th Cir. 2000) (same). To the extent that Olivarez entered his guilty plea voluntarily, he has waived any claim under *Brady*. *See Orman*, 228 F.3d at 620 (observing that the duty articulated in *Brady* "was expressly premised on a defendant's right to a fair trial," a concern that is not present when the defendant waives a trial pursuant to a guilty plea). Accordingly, the state court possessed a reasonable basis on which to deny Olivarez relief.

Alternatively, Olivarez fails to establish that there was a *Brady* violation in his case. Olivarez presents no evidence in support of his claim that favorable evidence existed in the prosecutor's file but that this evidence was suppressed or withheld from the defense. Olivarez fails to present evidence, except for his own self-serving allegations, revealing that the records at issue actually existed, were suppressed, were material, were not otherwise discoverable and/or could not have been presented to the trial court through other means. *See* Dkt. No. 1 at 26. Although Olivarez proceeds

*pro se*, he is still required to provide sufficient facts in support of his claim for relief. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value.").

Olivarez has failed to support his claim with sufficient facts showing that the prosecutor engaged in misconduct by withholding material, favorable evidence in violation of *Brady*. Absent such a showing, Olivarez fails to demonstrate that the state court's decision to reject his claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). Therefore, Olivarez is not entitled to a federal writ of habeas corpus on this basis and Respondent's summary judgment should be granted.

**D.       Prosecutorial Misconduct-Allowance of Perjured Testimony**

Olivarez next contends that the State engaged in prosecutorial misconduct and denied him a fair trial when it knowingly allowed numerous witnesses to commit perjury. Dkt. No. 1 at 27-28. Specifically, Olivarez claims (a) W.O. Williamson misled the court and lied about Olivarez's character; (b) Kimberly Peter misled the court and lied about Olivarez's character and (c) Kimberly Peter misled the Court regarding the underlying criminal offense. *Id.*

As Respondent points out, by pleading guilty, any claims Olivarez may have made concerning perjured testimony were waived and otherwise foreclosed under the AEDPA. *See United States v.*

*Davis*, 608 F.2d 555, 557 (5th Cir. 1979) (a guilty plea waives any subsequent claim of perjured testimony because such a claim is not jurisdictional in nature). Voluntary guilty pleas waive all non-jurisdictional defects in the proceedings against the defendant. *See id.*; Smith *v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Because Olivarez voluntarily entered a plea of guilty and his contentions regarding witness perjury are not jurisdictional in nature, the Court need not consider his arguments further. The state court possessed sufficient grounds upon which to deny relief and summary judgment is appropriate as to Olivarez's allegations the State engaged in prosecutorial misconduct and denied him a fair trial by knowingly allowing perjured testimony.

**E.     Illegal Sentence**

Lastly, Olivarez contends that he is serving an illegal sentence because he was sentenced to thirty-five years incarceration, whereas a portion of the judgment entered against him reflects a conviction for a second degree felony, which carries with it a maximum punishment of twenty years. Dkt. No. 1 at 3, 8 & 9; Dkt. No. 12 at 12-13. First, Olivarez's illegal sentence claim has not been exhausted and is therefore procedurally barred. Moreover, Olivarez's claim lacks merit and should thus be denied.[4]

The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State." Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).

---

[4] Olivarez also appears to argue that he received two sentences for the single underlying offense of burglary of a habitation. Dkt. No. 12 at 12. The Court, however, cannot identify the two sentences Olivarez references. After reviewing the record, it is clear that Olivarez is only serving one sentence as identified in his judgment. *See Ex parte Olivarez*, Application No. 57,567-01 at 194-95. Furthermore, such a complaint, even if cognizable, suffers from the same procedural infirmities as Olivarez's illegal sentence arguments dealt with in further detail below.

14

Exhaustion requires that federal claims be fairly presented to the highest court of the relevant state. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). In Texas, a petitioner satisfies this requirement by presenting his claims to the Court of Criminal Appeals of Texas by filing a petition for discretionary review or, in post-conviction matters, by filing a state application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).

A review of Olivarez's initial state habeas corpus application reveals that he did not present a claim concerning his allegedly illegal sentence to the Texas Court of Criminal Appeals. *See Ex parte Olivarez*, Application No. 57,567-01 at 4-23, 29-31. Indeed, Olivarez first raised his illegal sentence claim in his motion for rehearing/attempt to supplement his application for state writ of habeas corpus, which was received by the Court of Criminal Appeals after the court had denied Olivarez relief. *See Ex parte Olivarez*, Application No. 57,567-01(2) at Application for Writ of Habeas Corpus. Olivarez also failed to follow the applicable state procedural rules in filing his supplemental motion. *See* TEX. R. APP. P. 79.2(d) ("A motion for rehearing an order that denies habeas corpus relief under Code of Criminal Procedure, articles 11.07 or 11.071, *may not be filed*.") (emphasis added); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(b) (directing habeas petitioners to file applications for habeas writs with the trial court instead of the Court of Criminal Appeals). Based on Olivarez's procedural errors, he failed to exhaust state court remedies concerning his claim of illegal sentence. Moreover, because the Court concludes that proper presentation of this claim in a subsequent application for state writ of habeas corpus would now be barred under the "abuse of the writ doctrine," this claim is barred from federal review. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07 § 4; *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999) (holding that a federal

15

habeas claim was precluded because (1) petitioner failed to properly exhaust his state court remedies and (2) the state court to which he would be required to present his unexhausted claims would find those claims to be procedurally barred under Texas' successive application provisions).

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722 (1991). To establish cause, Olivarez must show that some objective external factor impeded his ability to present his claim in his first state habeas application. *See Dowthitt v. Johnson*, 230 F.3d 733, 752 (5th Cir. 2000). Olivarez offers no explanation as to why the illegal sentence claim was not raised during his initial application for a state writ of habeas corpus. Olivarez also fails to demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice because he has not presented any new and reliable proof that he is actually innocent of the charges.[5] *Fairman v. Anderson*, 188 F.3d 635, 644 (5 th Cir. 1999) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). Therefore, Olivarez's illegal sentence claim is denied as unexhausted and procedurally barred.

Alternatively, to the extent Olivarez's unexhausted claim is not barred, it is without merit. The record indicates that Olivarez was indicted, admonished and pleaded guilty to burglary of a habitation as a first degree felony under § 30.02(d) of the Texas Penal Code. *See Ex parte Olivarez*,

---

[5] To the extent that Olivarez's pleadings may be read as asserting a claim of actual innocence standing apart and alone from any procedural default, his claim fails as a matter of law. The Supreme Court has held that stand-alone claims of actual innocence are not cognizable on federal habeas corpus review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998) (claims of actual innocence are not cognizable in habeas proceedings "absent an independent constitutional violation occurring in the underlying state criminal proceeding") (citations omitted ); *Lucas v. Johnson*, 132 F.3d 1069, 1075-76 (5th Cir. 1998) (same).

Application No. 57,567-01 at 142-44, 194-95.  Moreover, the judgment entered by the trial court clearly reveals that the details of Olivarez's plea bargain included a plea to the burglary of a habitation charge in exchange for a sentence of no greater than 35 years, the State's silence on the issue of probation and a dismissal of Count II, the charge of aggravated assault.  *See id.* at 194-95.  It is equally clear that the trial court committed clerical errors when entering "Second Degree Felony" as the degree of felony subject to the guilty plea and describing the offense Olivarez was convicted of as "Counts I & II-Burglary of a Habitation." *See id.*  Based on the evidence present in the record, the Court concludes that the trial court's judgment merely contained clerical errors that could be corrected nunc pro tunc.[6]  *See, e.g.*, *Riley v. Cockrell*, 339 F.3d 308, 313-15 (5th Cir. 2003); *see also Smith v. Texas*, 15 S.W.3d 294, 298-99 (Tex. App.—Dallas 2000) (under Texas law, an incorrect judgment may be corrected at any time by a judgment nunc pro tunc).  Such clerical errors do not raise federal constitutional issues concerning Olivarez's incarceration or sentence.  *See, e.g.*, *Griffin v. Director, TDCJ-CID*, CA No. 6:06-CV-256, 2007 WL 1655330, *8 (E.D. Tex., June 7, 2007) (clerical errors did not give rise to constitutional claims reviewable in a federal habeas proceeding); *Acuna v. Quarterman*, CA No. 3:05-CV-2109-L, 2007 WL 57129, at *4 (N.D. Tex., Jan. 8, 2007) (clerical errors contained in a state court judgment did not violate a petitioner's constitutional rights).  Therefore, because Olivarez's illegal sentence claim is both procedurally barred and lacks merit, summary judgment is warranted.

### V. Certificate of Appealability

Under 28 U.S.C. § 2253, Olivarez needs to obtain a certificate of appealability before he can

---

[6] Olivarez indicates that nunc pro tunc judgment rectifying these clerical errors was issued on December 28, 2004. Dkt. No. 12 at 12. However, such a judgment is not in the state records and Respondent has not directed the Court to any evidence indicating such a judgment was entered.  The Court notes that if such a judgment were entered, it would not alter the Court's conclusions.

appeal the dismissal of his petition. A certificate of appealability may be issued only if Olivarez makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Olivarez must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Olivarez has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's procedural rulings to be debatable. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). Therefore, the Court denies the issuance of a certificate of appealability in this action.

## VI. Conclusion

The Court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Dkt. No. 69) is **GRANTED**.

2. This action is **DISMISSED**.

3. A certificate of appealability is **DENIED**.

**SIGNED** this 13th day of February, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE